UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TIMOTHY AARON JOHN, TRAVIS RAY JOHN, TIFFANY LYNNAE JOHN, TYRONE FRED JOHN, SHIRLEY L. PALMER, LESLIE L. PALMER, JALEEN M. FLOWERS, and JESSE WADE PALMER, <br><br> Plaintiffs, <br><br> v. <br><br> THE SECRETARY OF THE INTERIOR, through its Acting Assistant Secretary, BUREAU OF INDIAN AFFAIRS, its officers, servants, agents, employees, representatives, and attorneys, <br><br> Defendants. | Case No. 3:14-cv-00247-LRH-VPC <br><br> ORDER |

Timothy Aaron John, Travis Ray John, Tiffany Lynnae John, Tyrone Fred John, Shirley L. Palmer, Leslie L. Palmer, Jaleen M. Flowers, and Jesse Wade Palmer (collectively, "the plaintiffs") move for an order that compels the Secretary of the Department of the Interior and the Bureau of Indian Affairs ("BIA") (collectively, "the defendants") to enter into a stipulation and that orders the matter remanded with instructions to enter the plaintiffs on the Western Shoshone judgment roll. ECF No. 19 (corrected image at ECF No. 21). The defendants opposed the motion, and the plaintiffs filed a reply. ECF No. 24, 25. The court now denies the motion.

I.  **BACKGROUND**

The Western Shoshone Claims Distribution Act was passed in 2004. Pub L. 108-270, 118 Stat. 805. To make a claim for recovery under the Act, a person must be placed on the

1

1  Western Shoshone judgment roll. *Id.* To be placed on the judgment roll, the person must be at
2  least ¼ blood quantum level of Western Shoshone. *Id.*

3      The plaintiffs applied to be placed on the judgment roll based on their heritage, claiming
4  their common grandparents (Fred Hicks, Sr. and Leona Mina Dyer) were both ½ blood quantum
5  level of Western Shoshone. ECF No. 21. The BIA denied the plaintiffs' applications for their
6  failure to be ¼ blood quantum level of Western Shoshone. *Id.* The BIA also denied the
7  subsequent appeals. *Id.*

8      The plaintiffs therefore sued the defendants for violations of due process, of equal
9  protection, of the Administrative Procedure Act, and the Freedom of Information Act. ECF No.
10 14. On the defendants' motion and against the plaintiffs' objection, the case was remanded to the
11 Secretary of the Interior for development of the administrative record in February 2015. ECF
12 Nos. 4, 18.

13     The defendants failed to update the plaintiffs regarding their applications for over two
14 years after the order remanding the case to the Secretary of the Interior. ECF No. 21. the
15 plaintiffs move for an order compelling the defendants to stipulate to adding the plaintiffs on the
16 judgment roll and for an order remanding the matter with instructions that the Secretary of the
17 Interior add the plaintiffs to the judgment roll. ECF No. 19. The defendants have since denied the
18 plaintiffs applications again, stating the plaintiffs do not qualify based on their less than ¼ blood
19 quantum level of Western Shoshone. ECF No. 24, 25.

20 **II.  DISCUSSION**

21     The plaintiffs ask the court to compel the defendants to stipulate to adding the plaintiffs
22 onto the judgment roll based on the "unlawfully withheld or unreasonably delayed" decision and
23 based on the defendants' stipulation in a similar case to add plaintiffs to the judgment roll. ECF
24 No. 21. But the plaintiffs fail to cite to any law that would support such an order. *See* ECF No.
25 21.

26     First, when an agency unlawfully withholds or unreasonably delays a decision, a court
27 may compel the agency to make a decision on the plaintiffs' claims. *See Hein v. Capitan*
28 *GrandeBand of Diegueno Mission Indians*, 201 F.3d 1256, 1261 (9th Cir. 2000). But a court

cannot compel a certain result. *Mt. St. Helens Mining & Recovery Ltd. P'ship v. United States*, 384 F.3d 721, 728 (9th Cir. 2004). Granting the plaintiffs' motion would amount to compelling a certain result in this matter.

Further, the plaintiffs' reliance on a stipulation in a similar district court case does not affect the court's decision to deny the plaintiffs' motion. *See Direct Lineal Descendants of Jack v. Sec'y of the Interior*, No. 3:13-cv-657-RCJ-WGC, 2014 WL 5439781 (D. Nev. Oct. 24, 2014) (reinstating and enforcing a binding stipulation previously entered into by the parties and then approved by the court). Unlike the similar district court case, the parties in this case did not enter into a voluntary stipulation. The court denies the plaintiffs' motion accordingly.

Finally, in their reply, the plaintiffs suggest that the administrative record used to reach the recent decision to deny the plaintiffs' applications should be filed to allow the plaintiffs an opportunity to challenge the defendants' decision as arbitrary and capricious. ECF No. 25. The court agrees. The defendants are ordered to file the administrative record that was developed on remand.

### III. CONCLUSION

IT IS THEREFORE ORDERED that plaintiffs' Motion for an Order Compelling Defendants to Enter into a Stipulation and Order Remanding to Agency with Instructions to Enter Plaintiffs onto the Western Shoshone Judgment Roll (ECF No. 19) is **DENIED**.

IT IS FURTHER ORDERED that the defendants shall file the administrative record that was developed on remand within thirty days from the entry of this order.

IT IS SO ORDERED.

DATED this 8th day of February, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE